

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

*Val Verde Co*

GERALD C. MANN
ATTORNEY GENERAL

Hon. Roger Thurmond
District Attorney
Del Rio, Texas

Dear Sir:

Opinion No. O-802
Re: May a County Agricultural Agent accept
appointment as a livestock sanitary in-
spector provided no additional compensa-
tion is paid to him for such work as
livestock sanitary inspector, and does
the Livestock Sanitary Commission have
the right to appoint him?

Your request for an opinion on the following
two questions has been received:

"1. May a County Agricultural Agent accept
appointment as a livestock sanitary inspector
provided no additional compensation is paid to
him for such work as livestock sanitary inspec-
tor?

"2. Does the livestock sanitary commission
have authority to appoint as an inspector a
County Agricultural Agent provided no addition-
al compensation is allowed to such County Agent
for acting as such inspector?"

Since it is not contemplated that the County
Agricultural Agent receive any compensation for serving
as livestock sanitary inspector, Section 40 of Article
16 of the Constitution of the state of Texas, which pro-
hibits a person from holding or exercising, at the same
time, more than one civil office of emolument, has no
application.

Furthermore, since a County Agricultural Agent
is not paid by warrant upon the State Treasury, Section

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

33 of Article 16 of the Constitution, which prohibits the accounting officers of the state from drawing or paying a warrant upon the treasury in favor of any person for salary or compensation as agent, officer or appointee, who holds at the same time any other office or position of honor, trust or profit, under this state or the United States, etc., would not be violated by allowing a County Agricultural Agent to hold the position of livestock sanitary inspector.

The true rule, however, is stated in 34 TEX. JUR. p. 349:

" * * * the Constitution (Article 16, Sec. 40) applies only to offices of emolument. 'Emolument' means a pecuniary profit, gain or advantage; hence the same person may hold two civil offices where no pay, compensation or pecuniary gain attaches to one of them, provided they are not incompatible." (Underscoring ours).

In other words, the same person may hold the positions of County Agricultural Agent and Livestock Sanitary Inspector if they are not incompatible.

In opinion No. O-1263 of this Department, by Hon. George W. Barcus, Assistant Attorney General, it was held that a party cannot hold the office of deputy sheriff and "special ranger" at the same time because the positions were incompatible. One of the principal grounds of conflict pointed out was the different authority to which each officer was subject. A deputy sheriff is subject to the control and orders of the sheriff. A special ranger is subject to the orders of the Department of Public Safety and of the Governor.

In the present instance, a County Agricultural Agent is appointed by and is under the supervision of the extension service of the Agricultural and Mechanical College of Texas. He is responsible to the Director of the Extension Headquarters of the college. On the other hand, a livestock sanitary inspector is subject to the orders of the Livestock Sanitary Commission, which appoints him.

Hon. Roger Thurmond, page 3

to use the language of Assistant Attorney General, Barcus, in opinion No. O-1263, above referred to, "It is easy to contemplate that at times there might be a conflict between these respective departments of government."

On this ground alone we hold the offices or positions of County Agricultural Agent and Livestock Sanitary Inspector incompatible. The service or attempted service of two masters involves an insurmountable contradiction.

See THOMAS v. ABERNATHY COUNTY LINE INDEPENDENT
SCHOOL DISTRICT, 290 S.W. 152;
STATE v. ANDERSON 155 IOWA 271, 136 N.W. 128;
STATE EX REL. BARKER v. BOBST, 218 N.W. 253.

In answer to your first inquiry, it is our opinion that a County Agricultural Agent may not accept appointment as a Livestock Sanitary Inspector even though no additional compensation is paid to him for such work as livestock sanitary inspector. In view of this negative answer, it is unnecessary for us to answer your second question.

Trusting that we have fully answered your inquiries, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By                    Dick Stout
                     Assistant

DS:cb
Encl. Opinion No. O-1263

APPROVED SEP 16, 1939

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS